# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.                                                     No. 00-4388

NATHANIEL PRESIDENT, JR.,
                    *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CR-00-61)

Submitted: May 22, 2001

Decided: June 5, 2001

Before WIDENER, MICHAEL, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Jeffrey T. Twardy, Sr., Annandale, Virginia, for Appellant. Helen F. Fahey, United States Attorney, Kathleen M. Kahoe, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Nathaniel President, Jr., appeals his conviction entered after a jury trial for possession of firearms and ammunition by a person previously convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C.A. § 922(g)(9) (West 2000). President's sole claim on appeal is that Congress exceeded its authority under the Commerce Clause in enacting § 922(g)(9). President relies on *United States v. Lopez*, 514 U.S. 549 (1995) (invalidating 18 U.S.C. § 922(q)(1)(A)), and *United States v. Morrison*, 529 U.S. 598 (2000) (invalidating the Violence Against Women Act, 42 U.S.C.A. § 13981 (West Supp. 2000)), in suggesting that § 922(g)(9) is merely a criminal statute that has nothing to do with interstate commerce. As such, President contends that Congress overstepped the bounds of the Commerce Clause in enacting the statute. However, the statute contains a specific jurisdictional requirement that the possession be "in or affecting commerce." 18 U.S.C.A. § 922(g). Because of that additional element, lacking in the statutes in question in the authority President cites, § 922(g)(9) is an appropriate exercise of Congressional authority under the Commerce Clause. *Gillespie v. City of Indianapolis*, 185 F.3d 693, 704-05 (7th Cir. 1999); *United States v. Nathan*, 202 F.3d 230, 234 (4th Cir.) (upholding § 922(g)(1)), *cert. denied*, 529 U.S. 1123 (2000); *United States v. Bostic*, 168 F.3d 718, 723 (4th Cir.) (upholding § 922(g)(8)), *cert. denied*, 527 U.S. 1029 (1999). President's claim is, therefore, without merit.

Accordingly, we affirm President's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*